UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SPIDER HOUSE LLC § | |
| Plaintiff § | |
| § | Civil No. 1:22-cv- 22-277 |
| V. § | |
| § | |
| CERTAIN UNDERWRITERS AT § | JURY DEMAND |
| LLOYD'S, LONDON a/k/a/ § | |
| LLOYD'S AMERICA INC. § | |
| Defendant § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiff Spider House LLC (hereafter referred to as "Spider House") is a Texas Limited Liability Company domiciled in the Western District of Texas. The current mailing address for Plaintiff is 805 Azie Mortion Road, Austin, Texas 78704-1465.

2. Defendant is Certain Underwriters at Lloyd's London. (hereafter referred to as "Lloyd's") Defendant's address is Lloyd's Americas, Inc., Attention Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017. The specific underwriters who wrote the policy in question are not listed in the issued policy and are unknown to Plaintiffs.

3. This is a suit for breach of contract by Defendant for its handling of Plaintiff's claim for the losses it suffered due to the Austin, Texas and Travis County, Texas orders issued in response to the Covid 19 outbreak beginning on March 24, 2020 and continuing through the remainder of 2020.

1

## DISCOVERY CONTROL PLAN LEVEL

4. Discovery will be conducted according to the Fedral Rules of Civil Procedure, local rules, and any scheduling order of the Court.

## JURISDICTION

5. Jurisdiction of the subject matter is based on 28 U.S.C. § 1332 (a).

## VENUE

6. Venue in the United States District Court, Western District of Texas, is proper and predicated on 28 U.S.C. §§ 1391(b) because all of the events given rise to the claim occurred in Austin, Travis County, Texas

## NATURE AND FACTURAL BACKGROUND OF THE CASE

7. This is a suit for breach of contract by Defendant for its handling of Plaintiff's claim for the losses it suffered due to the Austin, Texas orders and the and Travis County, Texas orders issued in response to the Covid 19 outbreak beginning on March 24, 2020 and continuing through the remainder of 2020.

8. Plaintiff Spider House LLC owned and operated a mixed use venue (a bar) named Spider House located at 2906 Fruth Street, Austin, Texas.  Spider House was in business at that location continuously from 1995 to March 15, 2020.

9. Plaintiff entered into a renewal of their property coverage with Defendant on March 11, 2020 for the period of March 11, 2020 through March 11, 2021.  The policy limits provided for a per occurrence limit of $2,372,500.

10. Plaintiff voluntarily closed Spider House on or about March 15, 2020 under what was believed to be an abundance of caution to the virus.  At that time there were no government orders in place that mandated that any business was required to close.  At the

time of closing, Plaintiff intended to reopen in the near future when everyone had a better idea of what the covid 19 situation entailed.

11. On March 24, 2020, Austin Mayor Steve Adler issued Order No. 20200324-007, more commonly known as the "Stay Home – Work Safe Order. The order required all individuals in Austin to stay home except to perform certain essential activities, or to perform work or obtain service from an Essential Business. The operations of Spider House did not qualify as an essential business and it therefore was not able to conduct business pursuant to the City of Austin order.

12. Effective May 8, 2020 and continuing until May 30, 2020, Mayor Adler issued Order No. 20200508-011which extended his previous order.

13. Travis County issued its own covid 19 orders during 2020 that prevented Plaintiff from being able to conduct business. These orders were as follows:

a. Travis County Judge Sarah Eckhardt issued Travis County Order 2020-5 effective March 24, 2020 through April 13, 2020. This was the original Travis County stay home order.

b. Travis County Judge Sarah Eckhardt issued Travis County Order 2020-7 effective April 13, 2020 through May 8, 2020. This order extended the 2020-5 stay home order.

c. Travis County Judge Sarah Eckhardt issued Travis County Order 2020-8 effective May 8, 2020 through June 15, 2020. This order further extended the 2020-05 stay home order.

d. Travis County Judge Samuel Biscoe Order 2020-13 effective June 26, 2020 through July 10, 2020. The order prohibited any gatherings of more than 10 people.

e. Travis County Judge Samuel Biscoe Order 2020-14 effective July 11, 2020 through August 15, 2020. The order prohibited any gatherings of more than 10 people.

    f. Travis County Judge Samuel Biscoe Order 2020-16 effective August 16, 2020 through December 15, 2020. The order extended the prohibition against any gatherings of more than 10 people.

13. Due to the orders issued by both the Mayor of the City of Austin and by the County Judge of Travis County effective from March 24, 2020 through December 15, 2020 Plaintiff was not able to operate Spider House after March 24, 2020.

14. The building which housed Spider House was leased by Plaintiff from Mr. Humberto Rey. Plaintiff was not able to pay the monthly rent which was approximately $10,000 per month during the closure.

15. Even though the building had been rented by Plaintiff and its predecessor entity Cafe Ro, Inc. for 25 years, Mr. Rey was not interested in any discussions with Mr. Conrad Bejarano, owner of Plaintiff, to extend the lease, renegotiate the lease, or abate the rent during the months Spider House was closed. Nor was Mr. Rey interested in selling the property to Mr. Bejarano. The relationship continued to deteriorate until Mr. Rey had the law firm of Gray Becker issue Mr. Bejarano a cease and desist letter in regards to the property on November 13, 2020. Mr. Rey listed the property for sale on or about December 14, 2020. The property was subsequently sold. All of Spider House's personal property contained in the building was lost. The use of the property was lost.

14. The insurance policy between the Plaintiff and Defendant was an extension of Policy W22484190201. The extension was effective from March 11, 2020 through March 11, 2021. It was therefore in effect at the time of the government orders previously discussed.

15. The policy covered buildings, personal property, business income and extra expense. The policy limit was $2,372,500 per occurrence. The policy states that it will pay for direct

4

physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.  The covered losses include but are not limited to loss of:  business income, loss of the use of the property, and loss of personal property.

16. Under the terms of the Policy, a claim was made by Mr. Bejarano regarding the losses on or about June 2, 2020 with Mr. Grant Gates of McLaurens.  On September 3, 2020 Mr. Gates issued a written denial of Plaintiff's claim.

17. The stated reasons for the denial were:

 (a) lack of direct physical loss to covered property,

(b) exclusion due to Ordinance or Law;

(c) exclusion due to Microorganism; and

(d) exclusion due to Seepage and/or pollution

## CAUSE OF ACTION

## BREACH OF CONTRACT

18. Starting March 24, 2020, Plaintiff was unable to operate its business for the remainder of 2020 due to the Orders of the City of Austin and of Travis County.  The result was Plaintiff was unable to operate and earn revenue sufficient to pay its monthly lease obligations which resulted in Plaintiff suffering a physical loss of its covered property to its landlord.  Plaintiff contends that its loss of property is a covered loss under the terms of the Policy.

19. Plaintiff contends that Defendant and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiff.  Lloyd's refusal, as described above, to pay

5

Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question constitutes a breach of the insurance contract with Plaintiff.

20. Plaintiff contends that the exclusions used by Defendant to justify the denial of Plaintiff's claim are a misinterpretation and misreading of the language of the policy. Defendant wrongfully denied coverage and refused to offer the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover Plaintiff's business loss, and all conditions precedent to recovery under the policy have been carried out and accomplished by Plaintiff.  Lloyds of London's conduct constitutes a breach of the insurance contract between it and Plaintiff.

## DAMAGES

21. Plaintiff would show that all of the aforementioned acts constitute the proximate and producing cause of the damages sustained by Plaintiff.

22. For breach of contract, Plaintiff is entitled to the amount of the claim, together with attorney's fees.

23. For prosecution and collection of this claim, Plaintiff has been compelled to engage the services of Kent M. Leediker, attorney at law.  Therefore, Plaintiff is entitled to recover a sum for reasonable and necessary serviced of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the Court grant the following relief:

a. Grant Plaintiff a judgment against Defendant for an amount deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of the Court. Plaintiff pleaded that the amount in controversy exceeds $75,000., excluding interest and costs.

b. Grant Plaintiff reasonable and necessary attorney fees;

c. Grant Plaintiff such other and further relief as this Court finds necessary and proper.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/s Kent Leediker_____
KENT M. LEEDIKER
State Bar No. 12074700
1104 Nueces, Suite 201
Austin, TX  78701
Tel: (512) 478-7463
Fax: (512) 478-1790
kentleediker@gmail.com

ATTORNEY FOR PLAINTIFF

PLAINTIFF REQUESTS A TRIAL BY JURY